LAURENCE W. LACKEY and DOROTHEA M. LACKEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lackey v. Commissioner
Docket No. 167-82.
United States Tax Court
T.C. Memo 1983-238; 1983 Tax Ct. Memo LEXIS 548; 46 T.C.M. (CCH) 11; T.C.M. (RIA) 83238; May 2, 1983. *548 P, a pilot and Air Force veteran, attended flight training courses in 1977 and 1978, which maintained or improved skills required by him in his trade or business. P was reimbursed by the Veterans' Administration for 90 percent of the cost of such courses pursuant to 38 U.S.C. sec. 1677 (1976). P deducted the entire cost of the flight training courses, including the portions for which he was reimbursed by the VA. Held, the reimbursed portions of the flight training expenses are not deductible by P under sec. 265(1), I.R.C. 1954. Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir., Sept. 20, 1982), followed. Laurence W. Lackey and Dorothea M. Lackey, pro se. Patricia A. Golembiewski, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes of $2,111.00 for 1977 and $973.00 for 1978. This case is currently before the Court on the Commissioner's motion for summary judgment. The sole issue for decision is whether the petitioners are entitled to deduct as educational expenses under section 162 of the Internal Revenue Code of 1954[1] certain payments for flight training expenses for which they received nontaxable reimbursements from the Veterans' Administration. The petitioners, Laurence W. and Dorothea M. Lackey, husband and wife, maintained their legal residence in Sacramento, Calif., at the time they filed their petition in this case. They filed their joint Federal income tax returns for 1977 and 1978 with the Internal Revenue Service Center, Fresno, Calif.
Mr. Lackey was a retired *550 Air Force pilot. During 1977 and 1978, he was employed by Union Flights Corporation as an instructor and pilot. During such years, he was engaged in flight training programs for which he incurred expenses of $7,317 for 1977 and $2,440 for 1978. As a veteran, Mr. Lackey was eligible for and received an educational assistance allowance from the Veterans' Administration (VA) equal to 90 percent of the costs incurred for his flight training, pursuant to 38 U.S.C. sec. 1677 (1976). Mr. Lackey received nontaxable reimbursements from the VA for his flight training in the amounts of $6,585 in 1977 and $2,196 in 1978. On their Federal income tax returns for 1977 and 1978, the petitioners claimed deductions for all the costs of Mr. Lackey's flight training. In his notice of deficiency, the Commissoner disallowed the deductions for all such costs. However, the Commissioner has conceded that the nonreimbursed portions of the flight training expenses are deductible. All of the other adjustments in the notice of deficiency were settled by the parties. The sole issue for decision is whether the petitioners are entitled to deduct as educational expenses under section *551 162 certain payments for flight training expenses for which they received nontaxable reimbursements from the VA. This issue was thoroughly considered by this Court in Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir., Sept. 20, 1982), where we held that the reimbursed flight training expenses were allocable to a class of tax-exempt income and were therefore not deductible under section 265. 78 T.C. at.98. The facts and arguments in the present case are indistinguishable from those in Manocchio.[2] Therefore, our decision in Manocchio is dispositive of the issue in the present case, and we hold that the petitioners are not entitled to a deduction for the reimbursed portions of their flight training expenses. Under such circumstances, the Commissioner's motion for summary judgment will be granted. An appropriate order will be issued and decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue, unless otherwise indicated.↩
2. See also Gjoen v. Commissioner,T.C. Memo. 1983-114; Harman v. Commissioner,T.C. Memo. 1983-107↩.